UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SHARON K. DEVANEY, | : | Case No. 3:10-cv-426 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Michael R. Merz |
| vs. | : | |
| | : | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

**DECISION AND ENTRY: (1) ADOPTING THE REPORT AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 11) IN ITS ENTIRETY; (2) OVERRULING PLAINTIFF'S OBJECTIONS (Doc. 12); (3) AFFIRMING THE COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED; AND (4) TERMINATING THIS CASE**

Plaintiff Sharon DeVaney brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Defendant Commissioner of Social Security denying her application for Disability Insurance Benefits ("DIB"). On August 22, 2011, United States Magistrate Judge Michael R. Merz entered a Report and Recommendations (Doc. 11) recommending that the Commissioner's non-disability determination be affirmed and this case be terminated. Plaintiff subsequently filed Objections to the Report and Recommendations. (Doc. 12). The Commissioner failed to file a response to Plaintiff's Objections and the time for doing so has expired. The case is now ripe for decision.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id*.

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a judgment as a matter of law if this case were tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988) (citing *NLRB v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939)).

The second judicial inquiry, reviewing the ALJ's legal criteria, may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Id*. (citing in part *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (Doc. 11), Plaintiff's Objections (Doc. 12), as well as upon a *de novo* review of the Court's file, including the Administrative Transcript, and a thorough review of applicable law, the Court adopts the Report and Recommendations in its entirety, and overrules Plaintiff's Objections.

Accordingly, the Court hereby **ADOPTS** the Report and Recommendations of the Magistrate Judge (Doc. 11) in its entirety; **OVERRULES** Plaintiff's Objections to the Magistrate Judge's Report and Recommendations (Doc. 12); **AFFIRMS** the ALJ's non-disability finding; and **TERMINATES** this case.

**IT IS SO ORDERED**.

Date: 11/10/11

Timothy S. Black
United States District Judge